IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSÉ BEZAREZ, | § | |
| | § | |
| Defendant Below, | § | No. 316, 2020 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. I.D. No. 0703000796 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 30, 2020
Decided: October 1, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) On September 17, 2020, the appellant, José Bezarez, filed a notice of appeal from an August 7, 2020 Superior Court order denying his second motion for postconviction relief. Under Supreme Court Rules 6 and 11, a timely notice of appeal should have been filed on or before September 8, 2020.

(2) On September 18, 2020, the Senior Court Clerk issued a notice directing Bezarez to show cause why this appeal should not be dismissed as untimely filed. In response to the notice to show cause, Bezarez states that, during the time for taking a timely appeal, he was suffering from serious mental health issues and

the death of his long-time girlfriend, which delayed his efforts to file the notice of appeal. It also appears that Bezarez delivered his notice of appeal to prison personnel for mailing by September 3, 2020.

(3) This Court lacks jurisdiction to consider an appeal when the notice of appeal is not timely filed, unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel.[1] A notice of appeal must be received by the Court within the applicable time period to be effective.[2] Unfortunately for Bezarez, prison personnel are not court-related personnel, and Delaware has not adopted a rule similar to the federal prison mailbox rule, which deems a notice of appeal as filed at the time it is delivered to prison authorities for mailing.[3]

(4) Bezarez does not claim, and the record does not show, that the failure to file a timely appeal in this case is attributable to court-related personnel. Therefore, the appeal must be dismissed.[4]

---

[1] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[2] DEL. SUPR. CT. R. 10(a).

[3] *Schafferman v. State*, 2016 WL 5929953 (Del. Oct. 11, 2016).

[4] *See Pickle v. State*, 2018 WL 559096 (Del. Jan. 24, 2018) (dismissing untimely appeal where the appellant argued that his appeal "was late due to the holidays and weather conditions, staffing shortages at the prison, and his learning disabilities and mental health issues").

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/Karen L. Valihura*
Justice